**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| PEDRO PEREZ, | : | |
| Petitioner | : | Civil Action No. 19-4584(RMB) |
| v. | : | **OPINION** |
| WARDEN ORTIZ, | : | |
| Respondent | : | |

**BUMB,** United States District Judge

On February 5, 2019, Petitioner Pedro Perez, a prisoner confined in the Federal Correctional Institution ("FCI-Fort Dix") in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner asserts the Bureau of Prisons ("BOP") abused its discretion in applying a Public Safety Factor that precludes awarding him a one-year sentence reduction for completion of a Residential Drug Abuse Program ("RDAP"). (Pet., ¶13.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

I. BACKGROUND

Petitioner alleges the following in his brief in support of his petition. ("Petr's Brief," ECF No. 1-1.) On May 24, 2017, Petitioner was sentenced to a 60-month term of imprisonment for interference with commerce by threat of violence. (Id. at 2.) Petitioner is housed at FCI Fort Dix, and he has completed an RDAP program and requested a one-year reduction of his sentence under 18 U.S.C. § 3621(e)(2)(B). (Id., Ex. A.)[1] His request was denied because his offense of conviction involved carrying, possessing or using a firearm. (Id., Ex. B.) Petitioner exhausted his administrative remedies. (Id.)[2]

---

[1] Exhibit A is a letter dated November 21, 2018 from J. Rodriguez, Psy.D. DAP Coordinator, stating that Petitioner completed the BOP's RDAP Program, despite the fact that he is ineligible for the incentive of a one-year reduction to his sentence.

[2] Exhibit B consists of (1) an FCI Fort Dix Informal Resolution Form (BP-8) where Petitioner requested reconsideration of his "Request for § 3621(e) Offense review[.]" (ECF No. 1-3 at 2.) A Correctional Counselor responded that the DSCC offense review finding Petitioner ineligible for "3621(e) release" was the final decision. (Id.) Petitioner repeated his request on BOP Form BP-9, which Warden Ortiz denied, stating "[t]he Designation and Sentence Computation Center (DSCC) reviewed your offense conviction on January 30, 2018. It was determined that three of the six criteria areas used to determine eligibility for 3621(e), preclude you from 3621(e) release consideration." (Id. at 6.) Petitioner appealed to the Regional Office on form BP-10, and the Regional Director denied his appeal pursuant to Program Statements 5331.02 and 5162.05

2

Petitioner contends denial of his early release eligibility for RDAP completion was an abuse of discretion, citing BOP Program Statement 5162.05(4) "… offenses that at the Director's discretion shall preclude an inmate receiving certain Bureau Program benefits … an inmate may be denied if he or she was convicted of an offense listed in either this section or section 3." (Petr's Brief, ECF No 1-1 at 8.) Petitioner submits the following factors in support of his argument that the Director abused his discretion in denying him early RDAP release: (1) Petitioner never received any incident reports or disciplinary sanctions; (2) although he plead guilty and was "enhanced for simple possession of a gun and/or money, there was never a gun found in his case nor was he in any possession of money;" (3) the sentencing judge found Petitioner was not a flight risk, and Petitioner maintained full-time employment while on bail and he self-surrendered for sentencing; (4) Petitioner is 40 years old and unlikely to be a recidivist, and his good conduct and rehabilitative efforts suggest he would be unlikely to commit a crime; (5) Petitioner was granted a 60-month downward departure under 5K1.1 at sentencing for his cooperation. (Id. at 8-10.)

---

because Petitioner had been convicted of "an offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive." (Id. at 12-14.) Petitioner appealed to the Central Office on BOP Form BP-11, and the Central Office denied his request because his conviction for Interference with Commerce by Threat or Violence (Robbery) precluded him from early release under the governing Program Statements and 28 C.F.R. ¶ 550.55(b)(5). (Ex. B., ECF No. 1-3 at 17-19.)

Petitioner then provides several examples of inmates who had weapon sentence enhancements but were granted early release for RDAP completion. (Petr's Brief, ECF No. 1-1 at 10-11.)

II. DISCUSSION

"After an inmate completes RDAP, the BOP has discretion to reduce what remains of his sentence by as much as one year." Scott v. FCI Fairton, 407 F. App'x 612, 615 (3d Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55.)

28 U.S.C. § 2241 provides, in relevant part, "(c) The writ of habeas corpus shall not extend to a prisoner unless-- … (3) He is in custody in violation of the Constitution or laws or treaties of the United States[.]" There is no liberty interest in eligibility for early release from prison based on RDAP completion. See Becerra v. Miner, 248 F. App'x 368, 370 (3d Cir. 2007) ("[b]eing classified with a [Public Safety Factor] … and its resulting consequences of disqualification for certain programs" does not implicate an inmate's due process liberty interest) (citing Rublee v. Fleming, 160 F.3d 213, 214 (5th Cir. 1998) (no liberty interest in early release for completion of drug abuse program); Barth v. Warden, FCI Fort Dix, Civ. No. 09-3519(JBS), 2009 WL 2634656 at *4 (D.N.J. Aug. 25, 2009) ("Petitioner's inability to pursue early release due to his detainer does not implicate his due process rights, for he had no liberty interest in a sentence reduction under Section 3621(e).")

4

Therefore, the Court lacks jurisdiction under § 2241 to determine whether the BOP decision violates the Constitution.

Petitioner seeks review of the BOP's decision by alleging the BOP abused its discretion. Under certain circumstances, a district court can review an agency decision for abuse of discretion under the Administrative Procedures Act, 5 U.S.C. § 706(2), which provides:

> [t]o the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> . . .
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

Review of agency decisions under the Administrative Procedures Act, is however, limited. 18 U.S.C. § 3625 provides, in relevant part, "the provisions of sections … 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." Petitioner argues that the BOP abused its discretion by denying his request for early release under 18 U.S.C. § 3621(e)(2)(B),

which states:

> (e) Substance abuse treatment.—
>
> > (2) Incentive for prisoners' successful completion of treatment program.—
> >
> > > (B) Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621 falls under the same subchapter of the Administrative Procedures Act as Section 3625. Therefore, review of the BOP's determination under 18 U.S.C. § 3621(e)(2)(B) is not subject to judicial review under the Administrative Procedures Act for abuse of discretion.[3]

---

[3] In the alternative, the Court finds the BOP did not abuse its discretion by finding that Petitioner's possession of a gun in relation to the offense of conviction disqualifies him from early release for RDAP completion, pursuant to 28 C.F.R. § 550.55(b)(5)(ii) ("As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release … [i]nmates who have a current felony conviction for … An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives…" See Lopez v. Davis, 531 U.S. 230, 232-33 (2001) (the BOP regulation, 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000), permissibly excluded from early release under 18 U.S.C. § 3621(e)(2)(B) inmates whose current offense is a felony attended by "the carrying, possession, or use of a firearm"); Gardner v. Grandolsky, 585 F.3d 786, 793 (3d Cir. 2009) (per curiam) (BOP regulation categorically excluding from early release under § 3621(e)(2)(B) those inmates whose current offense is a felony involving possession of a firearm was not arbitrary and capricious.)

III. CONCLUSION

This Court lacks jurisdiction over the § 2241 petition. In the alternative, the Court finds that the petition lacks merit. An appropriate order follows.

Dated: March 20, 2019

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**